**In the Matter of Lon D. BRYAN.**

**No. 18S00–0111–DI–563.**

Supreme Court of Indiana.

July 15, 2002.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Under Count I of the complaint underlying this action, the respondent agreed to assist another attorney in representing a plaintiff civil claimant. The client had orally agreed to a 1/3 contingency fee with the other attorney. The respondent's engagement as co-counsel (to prosecute pre-trial matters; the other attorney was to handle the trial) was unknown to the client. Although the other attorney filed a complaint, the respondent failed properly to defend the defendant's summary judgment motion, which the trial court granted. The client did not learn of the court's action until four years later when he obtained the court's file. The respondent falsely informed the other attorney that the case was proceeding, even after the summary judgment ruling disposed of the matter.

Under Count II, the respondent failed to refund an unearned fee of $300 to a client, then failed to respond to the Commission's demand for a response to a grievance filed against him.

**Violations:** In Count I, the respondent violated Ind.Professional Conduct Rule 1.4, which requires a lawyer to keep a client reasonably informed about the status of matters, to promptly comply with reasonable requests for information, and to explain matters to a client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. He also violated 1.5(c), which provides that contingency fee agreements shall be in writing; Prof.Cond.R. 5.1(b), which requires a lawyer with direct supervisory authority over another lawyer to make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct; and Prof.Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation. In Count II, he violated Prof.Cond.R. 1.16(a)(d), which requires a lawyer promptly to refund an unearned fee; Prof. Cond.R. 8.4(c); and Prof.Cond.R. 8.1(b), which requires a lawyer to respond to a lawful demand for information from the Disciplinary Commission.

**Discipline:** Ninety (90) day suspension from the practice of law, effective August 17, 2002, with automatic reinstatement thereafter.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline, noting, however, that conduct involving deceit is grievously harmful to the public and the profession and generally warrants suspension. It is because of the agreed resolution in this case that we accept this lenient sanction. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer and all parties as directed by Admis.Disc.R. 23(3)(d).

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

BOEHM, J., not participating.